UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RUDY J. WEED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:04-CV-688 JTM |
| | ) | |
| ED BUSS and | ) | |
| EVELYN RIDLEY-TURNER, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Rudy J. Weed filed this action on June 30, 2004, in the LaPorte County Circuit Court alleging that Defendants failed to provide him with a medically required diet in violation of the United States and Indiana Constitutions.  Defendant removed this case on November 5, 2004, and on February 24, 2005, Defendants filed a motion for summary judgment.  For the following reasons, this Court **RECOMMENDS** that Defendants' motion for summary judgment [Doc. No. 16] be **GRANTED.**

I.   **PRELIMINARY MATTERS**

Evelyn Ridley-Turner was originally named in her official capacity as the Commissioner of the Indiana Department of Correction.  However, she is no longer the Commissioner of the Indiana Department of Correction.

> When a public officer is a party to an action in an official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded. An order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution.

FED. R. CIV. P. 25(d).

Because J. David Donahue is Evelyn Ridley-Turner's successor, and pursuant to Rule 25(d), this Court **DIRECTS** the Clerk to substitute J. David Donahue for Evelyn Ridley-Turner.

## II.   RELEVANT BACKGROUND

Plaintiff, an inmate at the Westville Correctional Facility, suffers from Hypoglycemia. As a result, Plaintiff requires a special diet to prevent physical illness and distress.  When Defendants allegedly failed to prescribe an appropriate diet, Plaintiff filed this action alleging that Defendants' failure to provide adequate medical treatment and diet constituted cruel and unusual punishment in violation of the United States and Indiana Constitutions.  On February 24, 2005, Defendant filed a motion for summary judgment on the federal claims, asserting that the named Defendants could not be vicariously liable under 42 U.S.C. § 1983.  Plaintiff never filed a response to Defendants' motion.  On August 26, 2005, this matter was referred to the undesigned pursuant to 28 U.S.C. § 636(b)(1)(B) to enter into the record a report and recommendation regarding the disposition of Defendants' motion for summary judgment.

## III.   APPLICABLE LAW

### A.   Northern District Local Rules

Under N.D. L.R. 56.1, any party opposing a motion for summary judgment shall filed a response and any affidavits or other documentary material controverting the movant's position within thirty days after the motion was filed.  Failure to file a response within the time prescribed under this Court's local rules may subject the motion to summary ruling. N.D. L.R. 7.1(a).

B.     Summary Judgment Standard

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Lawson v. CSX Transp., Inc., 245 F.3d 916, 922 (7th Cir. 2001). In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the nonmoving party as well as draw all reasonable and justifiable inferences in favor of that party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); King v. Preferred Technical Group, 166 F.3d 887, 890 (7th Cir. 1999).  To overcome a motion for summary judgment, the nonmoving party cannot rest on the mere allegations or denials contained in its pleadings.  Rather, the nonmoving party must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986);  Robin v. Espo Engineering Corp., 200 F.3d 1081, 1088 (7th Cir. 2000).  Where a factual record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Bank of Ariz. v. Cities Services Co., 391 U.S. 253, 289 (1968)).

IV.    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff has not responded to Defendants' motion.  Under this Court's local rules, this Court could assume that Defendants' motion is unopposed and recommend that the court grant Defendants' motion for summary judgment.  Despite Plaintiff's failure to respond, this Court will nonetheless, address the merits of Defendants' motion.

3

Defendants' motion for summary judgment solely addresses Plaintiff's federal constitutional claims.  Defendants contend that they cannot be liable under 42 U.S.C. § 1983 because they did not personally cause the alleged deprivation, either through direct action or approval of others' actions because Defendants were not aware of Plaintiff's medical condition. Personal involvement is an element of a § 1983 claim. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001). Plaintiff has presented no evidence demonstrating that either of the Defendants had any personal involvement with Plaintiff's diet.  Defendants, however, have submitted uncontested affidavits that illustrate that they did not know of Plaintiff's need for a special diet, nor did they engage in any activity related to Plaintiff's diet.  Therefore, because Defendants cannot be vicariously liable for other individuals' acts, Defendants' motion for summary judgment should be granted.  See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).[1]

## V.    ANCILLARY MATTERS

Because Defendant's motion for summary judgment does not address Plaintiff's state law claims, and because this Court has recommended that Defendant's motion for summary

---

[1]Additionally, non-medical prison officials are not liable for medical care.

> If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005) (ellipsis omitted) citing Spruill v. Gillis, 372 F.3d 218, 236 (3rd Cir. 2004).

4

judgment as to Plaintiff's federal claims be granted, this Court **RECOMMENDS** that Plaintiff's state law claims be **REMANDED** to the LaPorte County Circuit Court.[2]

## VI.    CONCLUSION

For the aforementioned reasons, this Court **DIRECTS** the clerk to substitute J. David Donahue for Evelyn Ridley-Turner.  This Court **RECOMMENDS** that Defendants' motion for summary judgment on Plaintiff's federal law claims [Doc. No. 16] be **GRANTED** and that this case be **REMANDED** to LaPorte County Circuit Court for disposition of the remaining state law claims.

> **NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations.  Fed.R.Civ.P. 72(b).  FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED.**

Dated this 1st Day of September, 2005.


s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge

---

[2]Although Defendants' motion for summary judgment does not address Plaintiff's state law claims, even if it had, this Court would recommend that the court decline to exercise supplemental jurisdiction over those claims because State constitutional claims are more appropriately resolved in Indiana courts.